**Earl CONOVER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

June 13, 1978.

Jack Emory Farley, Public Defender, Linda K. West, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

On June 4, 1977 Earl Conover was convicted of the murder for hire of Curtis Snow and on June 16, 1977 he was sentenced to life imprisonment. His defense of alibi, corroborated by his brother, was rejected by the jury. He appeals and makes five assignments of error, only one of which is of a quality sufficient to justify discussion. We affirm.

On the day of the murder August 8, 1974, Snow and his wife were canning at his mother's house. They were sitting on his mother's porch when two men in a strange car with Illinois license plates drove up to their mobile home which was located about two hundred feet from the house. The car left in a few minutes but returned later and started backing toward the house. Snow

went down to the car while his wife went inside the house and watched from a window. He squatted down by the car and as his wife turned away from the window she heard a gunshot. She ran to get their child. She heard two more gunshots. The car was gone before she could get out of the house. Snow was fatally wounded by a nine millimeter firearm. Two nine millimeter slugs and one nine millimeter cartridge hull were recovered at the scene.

Conover was one of the suspects from the inception of the investigation. Snow's wife was unable to identify Conover as the driver of the car from photographs, but she was able to so identify him when she eventually saw him in person on March 10, 1977.

While Conover was confined in the penitentiary on an unrelated charge he repeatedly bragged to a cell mate, Terill Whittle, that he had killed Snow. Whittle contacted the police through his lawyer and told them of his conversation with Conover in regard to the murder of Snow. After Whittle gave them this information the police wired Whittle for sound on October 26, 1976, and placed him in a cell with Conover in the Russell County Jail so that a tape recording could be obtained of Conover's admissions. Conover was not given the *Miranda* warnings nor was he informed of the "bug". The recording of the conversation between Whittle and Conover was unsuccessful because of an unexplained mechanical failure which caused the recording to be garbled.

After the attempted "bugging" the police allowed Whittle and his attorney on November 7, 1976, to talk to Conover at the penitentiary. During the conversation Conover was told of Whittle's disclosures to the police and of the "bug". Whittle made it perfectly clear to Conover that he would testify against Conover at trial. Whittle's attorney told Conover that if Conover agreed to testify against his employer he would try to get him a ten-year sentence. Exit Whittle and his lawyer. Enter the police.

The police advised Conover of his rights as required by *Miranda v. Arizona*, 384 U.S.

436, 467–473, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Conover made a confession which was recorded, transcribed and signed. Thereafter Conover moved to suppress the confession. A full hearing was held and the motion was denied. The confession was later admitted into evidence at trial.

Conover's theory is that the "bugging" attempt was in violation of his rights to counsel and against self-incrimination, that the confession was induced by the "bugging" attempt and that, consequently, the confession is not admissible because it is a fruit of the poisonous tree. *Harrison v. United States*, 392 U.S. 219, 222, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968). The theory is ingenious but ignores the realities of criminal investigation and the facts of this case.

■ Conover made his first admissions to Whittle of killing Snow prior to any contact or relationship between Whittle and the police. These initial disclosures to Whittle were clearly voluntary and obviously admissible at trial. At this stage of the game Conover assumed the risk of betrayal when he confided in Whittle. *Jaggers v. Commonwealth*, Ky., 439 S.W.2d 580, 584 (1968); See *Hoffa v. United States*, 385 U.S. 293, 304, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); *Lopez v. United States*, 373 U.S. 427, 439, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963).

■ In *United States v. Bayer*, 331 U.S. 532, 540, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947) and thereafter in *Harrison v. United States*, supra, 392 U.S., at 226 n. 14, 88 S.Ct. at 2012, the Supreme Court of the United States pointed out:

"Of course, after an accused has once let the cat out of the bag by confessing, no matter what the inducement, he is never thereafter free of the psychological and practical disadvantages of having confessed. He can never get the cat back in the bag. The secret is out for good. In such a sense, a later confession always may be looked upon as fruit of the first."

It is beyond doubt that the confession admitted at trial is the fruit of the first admissions to Whittle, not the fruit of the "bugging" attempt. Consequently, the tree

from which the confession springs is not poisonous.

█ This approach to the case makes it unnecessary for us to decide the constitutional propriety of the "bugging" attempt which very well might pass muster. See *United States v. Missler*, C.A. 4th, 414 F.2d 1293, 1302–1303 (1969), cert. denied, 397 U.S. 913, 90 S.Ct. 912, 25 L.Ed.2d 93 (1970); *Mathis v. United States*, 391 U.S. 1, 7–8, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968) (White, J., dissenting). In any event the admission of the confession could be no worse than "harmless error beyond reasonable doubt" because there was overwhelming evidence of Conover's guilt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Milton v. Wainwright*, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); See *People v. Miller*, 245 Cal.App.2d 112, 53 Cal.Rptr. 720 (1966), cert. dismissed sub nom. *Miller v. California*, 392 U.S. 616, 88 S.Ct. 2258, 20 L.Ed.2d 1332 (1968); *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

The judgment is affirmed.

All concur.